STEPHEN D. HANS & ASSOCIATES, P.C.
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.275.6704
Email: info@hansassociates.com
*Attorneys for William Winkle and*
*North Bay Management, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN SIEMIENIEWICZ,

                                              11 Civ. 704 (JG)(JO)

                Plaintiff,

        -against-

CAZ CONTRACING CORP. [*sic*]
       d/b/a CAZ Contracting,
BILL WINKLE, an individual,
NORTH BAY CONSTRUCTION CORP.,
NORTH BAY MANAGEMENT, INC. and
DINO ZERVAS, an individual,

                Defendants.
----------------------------------------------------------------X

                                        <u>**ANSWER AND**</u>
                                        <u>**COUNTERCLAIMS**</u>

        The defendants **WILLIAM WINKLE** (named herein as "Bill Winkle") and **NORTH BAY**

**MANAGEMENT, INC.** (hereinafter referred to, collectively, as the "Defendants")**,** by and through

their attorneys, **STEPHEN D. HANS AND ASSOCIATES, P.C.,** as and for their Answer to the

complaint dated February 9, 2011 and filed on February 11, 2011 (hereinafter the "Complaint") by

plaintiff John Siemieniewicz (hereinafter referred to as the "Plaintiff"), allege as follows:

            <u>**AS AND FOR AN ANSWER TO PLAINTIFF'S STATEMENTS SET FORTH**</u>
            <u>**IN THE COMPLAINT'S UNNUMBERED INTRODUCTORY PARAGRAPH**</u>

        With respect to the allegations contained in the unnumbered introductory paragraph of the

Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO PLAINTIFF'S INTRODUCTION

1.      With respect to the allegations contained in Paragraph 1 of the Complaint, the Defendants admit that the Plaintiff purports to bring this action pursuant to the cited statute(s) and purports to seek the requested relief, however, the Defendants deny that the Plaintiff is entitled to any of the relief sought.

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, the Defendants admit that the Plaintiff purports to bring this action pursuant to the cited statute(s) and purports to seek the requested relief, however, the Defendants deny that the Plaintiff is entitled to any of the relief sought.

3.      With respect to the allegations contained in Paragraph 3 of the Complaint, the Defendants admit that the Plaintiff purports to assert the cited common law claim(s) and purports to seek the requested relief, however, the Defendants deny that the Plaintiff is entitled to any of the relief sought.

4.      With respect to the allegations contained in Paragraph 4 of the Complaint, the Defendants admit that the Plaintiff purports to bring "correlative unjust enrichment and breach of contract claims" in this action, however, the Defendants deny that the Plaintiff is entitled to any relief whatsoever pursuant to any such claims.

## AS AND FOR AN ANSWER TO PLAINTIFF'S STATEMENTS REGARDING "JURISDICTION AND VENUE"

5.      With respect to the allegations contained in Paragraph 5 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

6.      With respect to the allegations contained in Paragraph 6 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required.

7.      With respect to the allegations contained in Paragraph 7 of the Complaint, the Defendants state that such allegations consist of statements and/or conclusions of law to which no responsive pleading is required; except that the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegation that "a significant portion of the events giving rise to the instant litigation occurred at the Defendants' construction company located at 37-11 35 Avenue, Long Island City, NY 11101."

<u>**AS AND FOR AN ANSWER TO PLAINTIFF'S STATEMENTS
REGARDING THE "PARTIES"**</u>

<u>**Defendant CAZ Contracing Corp.**</u>

8.      With respect to the allegations contained in Paragraph 8 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

9.      With respect to the allegations contained in Paragraph 9 of the Complaint, the Defendants admit, upon information and belief, that CAZ Contracting formerly operated a construction contracting company specializing in asbestos remediation, but handling other construction contracting jobs as well, however, the Defendants do not know whether CAZ Contracting continues to operate.  With respect to the remaining allegations contained in Paragraph 9 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of such remaining allegations.

10.     With respect to the allegations contained in Paragraph 10 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

11.     With respect to the allegations contained in Paragraph 11 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

12.     With respect to the allegations contained in Paragraph 12 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

13.     With respect to the allegations contained in Paragraph 13 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

**Defendant North Bay Construction Corp.**

14.     With respect to the allegations contained in Paragraph 14 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

15.     With respect to the allegations contained in Paragraph 15 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

16.     With respect to the allegations contained in Paragraph 16 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph.

17.     With respect to the allegations contained in Paragraph 17 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in such Paragraph; except that the Defendants deny having "business activities [that] were related and performed through unified operations or common control for a common business purpose and constituted an 'enterprise' within the meaning of the FLSA."

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

**Defendant North Bay Management, Inc.**

19.     With respect to the allegations contained in Paragraph 19 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that North Bay Management, Inc. is a New York corporation, and that NYS Department of State address for service of process is c/o Della Mura & Ciacci, LLP, 977B Allerton Avenue, Bronx, NY 10469.

20.     With respect to the allegations contained in Paragraph 20 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

21.     With respect to the allegations contained in Paragraph 21 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

22.     With respect to the allegations contained in Paragraph 22 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

**Defendant Bill Winkle**

23.     With respect to the allegations contained in Paragraph 23 of the Complaint, the Defendants admit the allegations contained in such Paragraph.

24.     With respect to the allegations contained in Paragraph 24 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

25.     With respect to the allegations contained in Paragraph 25 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

26.     With respect to the allegations contained in Paragraph 26 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

27.     With respect to the allegations contained in Paragraph 27 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

29.     With respect to the allegations contained in Paragraph 29 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

30.     With respect to the allegations contained in Paragraph 30 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

31.     With respect to the allegations contained in Paragraph 31 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

**Defendant Dino Zervas**

32.     With respect to the allegations contained in Paragraph 32 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

33.     With respect to the allegations contained in Paragraph 33 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph; although the Defendants state, upon information and belief, that Defendants believe that Dino Zervas "actively participated in the business of CAZ Contracting."

34.     With respect to the allegations contained in Paragraph 34 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

35.     With respect to the allegations contained in Paragraph 35 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

36.     With respect to the allegations contained in Paragraph 36 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph; although the Defendants state, upon information and belief, that Defendants believe that Dino Zervas "has an ownership interest in and/or is a shareholder of CAZ Contracting."

37.     With respect to the allegations contained in Paragraph 37 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

38.     With respect to the allegations contained in Paragraph 38 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

**Plaintiff John Siemieniewicz**

39.     With respect to the allegations contained in Paragraph 39 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

40.     With respect to the allegations contained in Paragraph 40 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

41.     With respect to the allegations contained in Paragraph 41 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that Plaintiff Siemieniewicz performed certain home improvement work for William Winkle during a certain period of time, although never as an employee of either William Winkle or North Bay Management, Inc.

42.     With respect to the allegations contained in Paragraph 42 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants deny having

knowledge or information sufficient to form a belief as to the truth of any of the allegations regarding Plaintiff Siemieniewicz's paychecks; and except that the Defendants admit that Plaintiff Siemieniewicz was permitted to live temporarily for a certain period of time at the two locations where he performed certain home improvement work for William Winkle.

43.     With respect to the allegations contained in Paragraph 43 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

44.     With respect to the allegations contained in Paragraph 44 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

45.     With respect to the allegations contained in Paragraph 45 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

46.     With respect to the allegations contained in Paragraph 46 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph, and the Defendants deny that Plaintiff Siemieniewicz ever worked any hours in excess of 40 in any given week, and the Defendants deny that Plaintiff Siemieniewicz was ever entitled to overtime premium pay.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S "FIRST CAUSE OF ACTION"

47.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 46 above as if fully set forth herein.

48.     With respect to the allegations contained in Paragraph 48 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph, and the Defendants deny that Plaintiff Siemieniewicz ever worked any hours in excess of 40 in any given week, and the Defendants deny that Plaintiff Siemieniewicz was ever entitled to overtime premium pay.

49.     With respect to the allegations contained in Paragraph 49 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

50.     With respect to the allegations contained in Paragraph 50 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

51.     With respect to the allegations contained in Paragraph 51 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

52.     With respect to the allegations contained in Paragraph 52 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

53.     With respect to the allegations contained in Paragraph 53 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

54.     With respect to the allegations contained in Paragraph 54 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

55.     With respect to the allegations contained in Paragraph 55 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

56.     With respect to the allegations contained in Paragraph 56 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

57.     With respect to the allegations contained in Paragraph 57 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

### AS AND FOR AN ANSWER TO
### PLAINTIFF'S "SECOND CAUSE OF ACTION"

58.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 57 above as if fully set forth herein.

59.     With respect to the allegations contained in Paragraph 59 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

60.     With respect to the allegations contained in Paragraph 60 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

61.     With respect to the allegations contained in Paragraph 61 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

62.     With respect to the allegations contained in Paragraph 62 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

63.     With respect to the allegations contained in Paragraph 63 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

64.     With respect to the allegations contained in Paragraph 64 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

65.     With respect to the allegations contained in Paragraph 65 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

66.     With respect to the allegations contained in Paragraph 66 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

67.     With respect to the allegations contained in Paragraph 67 of the Complaint, the Defendants admit the allegations contained in such Paragraph.

68.     With respect to the allegations contained in Paragraph 68 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

69.     With respect to the allegations contained in Paragraph 69 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

70.     With respect to the allegations contained in Paragraph 70 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff Siemieniewicz's "prescribed payday" was for any work that Plaintiff Siemieniewicz may have performed while employed by CAZ Contracting or any other person or entity other than the Defendants.

71.     With respect to the allegations contained in Paragraph 71 of the Complaint, the Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in such Paragraph.

72.     With respect to the allegations contained in Paragraph 72 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

73.     With respect to the allegations contained in Paragraph 73 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

74.     With respect to the allegations contained in Paragraph 74 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

75.     With respect to the allegations contained in Paragraph 75 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

76.     With respect to the allegations contained in Paragraph 76 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

77.     With respect to the allegations contained in Paragraph 77 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

78.     With respect to the allegations contained in Paragraph 78 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

79.     With respect to the allegations contained in Paragraph 79 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

80.     With respect to the allegations contained in Paragraph 80 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.  The Defendants also state that Plaintiff Siemieniewicz never worked any hours in excess of 40 in any given week and was never entitled to receive overtime premium pay.

81.     With respect to the allegations contained in Paragraph 81 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S "THIRD CAUSE OF ACTION"

82.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 81 above as if fully set forth herein.

83.     With respect to the allegations contained in Paragraph 83 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

84.     With respect to the allegations contained in Paragraph 84 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S "FOURTH CAUSE OF ACTION"

85.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 84 above as if fully set forth herein.

86.     With respect to the allegations contained in Paragraph 86 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

87.     With respect to the allegations contained in Paragraph 87 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

## AS AND FOR AN ANSWER TO
## PLAINTIFF'S "FIFTH CAUSE OF ACTION"

88.     The Defendants repeat and reassert each and every one of the responses contained in Paragraphs 1 through 87 above as if fully set forth herein.

89.     With respect to the allegations contained in Paragraph 89 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

90.     With respect to the allegations contained in Paragraph 90 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph; except that the Defendants admit that

Plaintiff Siemieniewicz performed certain home improvement work for William Winkle during a certain period of time, although never as an employee of either William Winkle or North Bay Management, Inc.

91. With respect to the allegations contained in Paragraph 91 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

92. With respect to the allegations contained in Paragraph 92 of the Complaint, the Defendants deny all of the allegations contained in such Paragraph.

<strong><u>AS AND FOR AN ANSWER TO<br>PLAINTIFF'S PRAYER FOR RELIEF</u></strong>

With respect to the allegations contained in Paragraphs (A) through (H) of the Complaint's prayer for relief, the Defendants deny that the Plaintiff is entitled to any of the relief sought.

<strong><u>AFFIRMATIVE AND OTHER DEFENSES</u></strong>

The Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have. The Defendants further assert that, to the extent that the Plaintiff's claims as alleged may be vague or unclear, so as to render it difficult or impossible to identify and assert every possible affirmative or other defense, the Defendants hereby expressly reserve their rights to assert additional defenses should further proceedings in this action, including the progress of any discovery, reveal that such additional defenses would be applicable and appropriate.

<strong><u>AS AND FOR A FIRST DEFENSE TO THE PLAINTIFF'S COMPLAINT</u></strong>

The statements and allegations contained in the Plaintiff's Complaint fail to state any valid cause(s) of action upon which relief can be granted as a matter of fact and/or law.

## AS AND FOR A SECOND DEFENSE TO THE PLAINTIFF'S COMPLAINT

The causes of action alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

## AS AND FOR A THIRD DEFENSE TO THE PLAINTIFF'S COMPLAINT

The Plaintiff was at all times an independent contractor and not an employee as such term is defined by federal and state law with respect to any and all work performed by the Plaintiff for Defendant Winkle.

## AS AND FOR A FOURTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

Upon information and belief, the Plaintiff does not possess a license to perform home improvement services and thus cannot bring suit to recover fees for such services.

## AS AND FOR A FIFTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

The Defendants state, in the alternative if necessary, that if in fact they are found to have failed to pay the appropriate compensation, that any such violations are *de minimis*.

## AS AND FOR A SIXTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

The Defendants were not the Plaintiff's "employer" as such term may be defined under applicable federal or state laws and regulations.

## AS AND FOR A SEVENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

The Defendants state, in the alternative if necessary, that if they are found to have violated any law or regulation, that any such violation was not willful.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

The Defendants state that they currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. As such, the Defendants expressly reserve the right to assert additional defenses in the event that discovery indicates that any such additional defenses would be appropriate.

## COUNTERCLAIMS BY WILLIAM WINKLE
## AGAINST PLAINTIFF SIEMIENIEWICZ

### Basis for Jurisdiction of Counterclaims

1.      Defendant Winkle hereby asserts the following counterclaims against the Plaintiff.  Upon information and belief, these counterclaims are compulsory pursuant to Rule 13 of the Federal Rules of Civil Procedure, as they arise out of the same "transaction or occurrence" that is the subject of the Plaintiff's claims, specifically, the disputed work performed by the Plaintiff for Defendant Winkle.

2.      This Court has subject matter jurisdiction over the following counterclaims asserted by Defendant Winkle against the Plaintiff pursuant to 28 U.S.C. § 1367, as the basis for such counterclaims are so related to the basis for the Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      The Defendant Winkle's counterclaims against the Plaintiff arise out of a common nucleus of operative fact as the Plaintiff's claims, specifically, the disputed work performed by the Plaintiff for Defendant Winkle.

### Facts

4.      Defendant Winkle hired the Plaintiff to perform certain home improvement work for Defendant Winkle at his home.

5.      The home improvement work performed by the Plaintiff for the Defendant Winkle was done solely as an independent contractor and not as an employee of the Defendants.

6.      Among other things, the Plaintiff was supposed to repair the railings of Defendant Winkle's deck.  However, instead of repairing such deck railings, the Plaintiff completely dismantled the deck without authorization and did not repair the railings as he was supposed to do.  In fact, the Plaintiff left the Defendant Winkle's deck completely dismantled and unusable, creating a safety

hazard, depriving Defendant Winkle of the use of the deck, and creating problems maintaining an insurance policy on the home.

7.      Among other things, the Plaintiff also removed clapboard from one side of the Defendant Winkle's home, which Plaintiff was not authorized to do, and left that side of the structure bare and exposed to the elements.  The Plaintiff also cut out a portion of the stairs on the side of the home, all of which has created a safety hazard, and has created problems with the home's insurability.

8.      As a result of these unauthorized and/or negligently performed actions by the Plaintiff, Defendant Winkle has suffered damages in that he has lost the use of certain portions of his home, has had difficulty maintaining a policy of insurance on the home, and has incurred costs and expenses in fixing some of the problems created by the Plaintiff.  Many of these problems continue to exist at Defendant Winkle's home, and upon information and belief, will cost a substantial amount of money to fully repair.

## Count I
## Breach of Contract

9.      The Defendant Winkle repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

10.     The Defendant Winkle contracted with the Plaintiff for the Plaintiff's performance of certain home improvement work at Defendant Winkle's home.

11.     The Plaintiff breached said contract by not performing the specified work as promised, causing Defendant Winkle to suffer monetary damages as described above.

12.     As a result of the Plaintiff's breach of contract Defendant Winkle seeks an award of money damages in an amount to be determined at trial, together with interest thereon and the costs and disbursements associated with this action.

## Count II
## Negligence

13.     The Defendant Winkle repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

14.     The Defendant Winkle contracted with Plaintiff to perform certain home improvement work for Defendant Winkle at his home.

15.     As a result of such contract, a duty was placed upon the Plaintiff to render competent and skillful home improvement services to Defendant Winkle.

16.     The Plaintiff breached such duty by, inter alia, failing to provide competent, skillful work on the Defendant Winkle's home.  In the performance of his work, the Plaintiff failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a home improvement contractor.

17.     As a result of the Plaintiff's negligent performance of certain work, Defendant Winkle has suffered damages, as set forth above.  But for the Plaintiff's negligent performance, Defendant Winkle would not have suffered such damages.

18.     As a direct result of the Plaintiff's negligence, the Plaintiff is liable to Defendant Winkle in an amount to be determined at trial.

## Count III
## Trespass

19.     The Defendant Winkle repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

20.     The Defendant Winkle is the owner and tenant in possession of the residential property that the Plaintiff was hired to perform certain home improvement services on.

21.     As set forth above, the Plaintiff entered onto such land and altered the subject property to the detriment of Defendant Winkle in several ways, which the Plaintiff was not authorized to do.

22.     As a result of the Plaintiff's unauthorized actions in altering the subject property, the Plaintiff caused substantial damage to the property as discussed above, resulting in Defendant Winkle suffering monetary damages.

23.     As a direct result of the Plaintiff's unlawful trespass, the Plaintiff is liable to Defendant Winkle in an amount to be determined at trial.

WHEREFORE, the Defendants respectfully request that judgment be entered by this Court as follows:

a.     Dismissing the Plaintiff's Complaint, and all causes of action asserted therein as against the Defendants, with prejudice;

b.     With respect to the counterclaims asserted herein by the Defendant William Winkle against Plaintiff Siemieniewicz, awarding money damages to Defendant Winkle against the Plaintiff in an amount to be determined at trial, together with the costs and disbursements associated with this action; and

c.     Granting such further relief as may be just and proper.


Dated: Long Island City, New York
       June 29, 2011

STEPHEN D. HANS & ASSOCIATES, P.C.


By:_____/s/_____
       Stephen D. Hans (SH-0798)
       45-18 Court Square, Suite 403
       Long Island City, New York 11101
       Tel: 718.275.6700 x 204
       Fax: 718.275.6704
       Email: shans@hansassociates.com
       *Service not accepted by fax or email
       *Attorneys for William Winkle and
       North Bay Management, Inc.*